IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

UNITED STATES OF AMERICA § 
VS. § CASE NO. 9:06cr46(1)
WILFORD EARL PATTON §

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Defendant Wilford Earl Patton has filed a motion pursuant to Federal Rule of Civil Procedure 60(b) asking the court to reconsider the Judgment in a Criminal Case previously entered in this matter. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law and a recommended disposition.

In 2006, pursuant to a plea of guilty entered in accordance with a written plea agreement, the defendant was convicted of being a felon in possession of a firearm. He was sentenced to 272 months imprisonment. His appeal was dismissed by the United States Court of Appeals for the Fifth Circuit. *United States v. Patton*, No. 07-40865 (5th Cir. Dec. 22, 2008). On January 11, 2010, a motion to vacate, set aside or correct sentence filed by the defendant pursuant to 28 U.S.C. § 2255 was denied.

In his motion, the defendant asserts his plea of guilty was involuntary and that he received ineffective assistance of counsel.

Federal Rule of Civil Procedure 60(b) does not provide a basis for relief from a criminal judgment. *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999). Accordingly, Rule 60(b) does not provide the court with a jurisdictional basis to consider movant's motion. Under other circumstances, the court might liberally construe the defendant's filing as a motion to vacate, set aside or correct sentence. However, as a prior motion to vacate was dismissed, the defendant may not file a successive motion to vacate without receiving permission from the United States Court of Appeals for the Fifth Circuit. The defendant does not state he has received such permission.

The defendant's motion is an "unauthorized [motion] which [this] court lacks jurisdiction to entertain." *United States v. Bermea-Cepeda*, 310 Fed.Appx. 690, 691 (5th Cir. 2009) (citing *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994)). As a result, the motion should be denied.

## Recommendation

The defendant's motion for reconsideration should be denied.

<u>Objections</u>

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendation contained in this report within 14 days after being served with copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendation and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglas v. United States Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).

**SIGNED** this  23  day of      August      , 2010.

*Earl S. Hines*
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE